UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| KENNETH PARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 12 C 7433 |
| | ) | |
| KEITH ANGLIN, Warden, | ) | |
| Danville Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the petition for a writ of habeas corpus filed by pro se petitioner Kenneth Parker ("Parker") pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Court denies the petition and declines to issue a certificate of appealability.

## BACKGROUND

Following a jury trial in the Circuit Court of Cook County, Illinois, Parker was found guilty of aggravated kidnaping and sentenced to twenty-five years of imprisonment. Parker is currently incarcerated at the Danville Correctional Center in Danville, Illinois, where he is in the custody of the warden of that facility, the Defendant Keith Anglin.

On direct appeal, Parker's counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Parker filed a 1-page pro se response to the *Anders* motion, arguing: (1) trial counsel was ineffective for unspecified reasons; (2) his confession was physically coerced; and (3) his sentence was excessive. On August 25, 2009, the Illinois Appellate Court granted counsel's *Anders* motion and affirmed Parker's conviction and sentence.

Parker filed a pro se petition for leave to appeal ("PLA") with the Illinois Supreme Court arguing: (1) his confession was physically coerced and the State's use of the confession violated his right to due process; (2) his trial counsel was ineffective for failing to alert the trial court that his confession was coerced; (3) no probable cause supported his arrest; (4) the trial court gave unspecified improper admonishments; and (5) his sentence was excessive.[1] On January 27, 2010, the Illinois Supreme Court denied Parker's PLA. Parker did not file a petition for a writ of certiorari with the United States Supreme Court.

On April 20, 2010, Parker filed a pro se post-conviction petition pursuant to 725 ILCS § 5/122-1, *et seq*., claiming among other things, his appellate counsel was

---

[1] The respondent contends that Parker did not include his excessive sentencing claim in his direct appeal PLA. This is relevant as it affects whether the sentencing claim is procedurally defaulted. The list of issues in Parker's PLA does not include the sentencing claim. However, in the body of his PLA, Parker asserts "[e]xcessive sentencing. No mitigation, no life treating [sic] injuries and Defendant: no prior criminal history to justify sentence." The Court thus finds that Parker presented his sentencing claim to the Illinois Supreme Court.

ineffective for not arguing that trial counsel was ineffective based on trial counsel's failure to attempt to suppress evidence, object to hearsay, file a motion in limine, or challenge the sufficiency of the evidence. The trial court summarily denied the petition. On appeal, Parker's counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Parker did not respond to his counsel's motion. On November 15, 2011, the Illinois Appellate Court granted the motion and affirmed. Parker neither filed a PLA with the Illinois Supreme Court nor a petition for a writ of certiorari with the United States Supreme Court.

On September 13, 2012, Parker filed a federal habeas petition pursuant to 28 U.S.C. § 2254.

## DISCUSSION

Parker asserts four arguments in his habeas petition: (1) trial counsel was ineffective for failing to appropriately challenge the State's assertion that probable cause existed, object to unspecified hearsay, file unspecified motions in limine and argue that the evidence was insufficient to support his conviction ("Claim One"); (2) Appellate counsel was ineffective for failing to contend that trial counsel's four alleged errors denied Parker the right to effective assistance of counsel ("Claim Two"); (3) Parker's sentence was excessive because the trial court did not properly weigh the mitigating evidence ("Count Three"); (4) Parker's confession to police should have been excluded

-3-

because it was physically coerced ("Count Four"). For the following reasons, the Court finds that: (1) Parker's ineffective assistance of trial and appellate counsel claims are procedurally defaulted under the one full round doctrine and no exceptions to procedural default are applicable; (2) his sentencing claim fails on the merits; and (3) to the extent Parker's coerced confession claim is not procedurally barred by the full and fair presentment doctrine, it fails on the merits.

## I. Ineffective Assistance of Trial and Appellate Counsel –Claims One and Two

A petitioner must present his claims to all levels of the Illinois courts to avoid procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Thus, the Court must determine if Parker presented his ineffective assistance claims to the state trial court, the Illinois Appellate Court, and the Illinois Supreme Court in either his direct or state collateral proceedings. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989) (failure to present claim to state intermediate court means it is procedurally barred); *O'Sullivan*, 526 U.S. at 844 (failure to present claim to state's highest court means it is procedurally barred). As discussed below, Parker's ineffective assistance claims are unavailing as they are procedurally defaulted and the cause and prejudice and fundamental miscarriage of justice exceptions to procedural default do not excuse the default.

### A.      Procedural Default – One Full Round of State Court Review

With respect to Parker's direct appeal, in his brief filed with the Illinois Appellate Court, Parker asserted that trial counsel was ineffective but did not provide any reasons.

In Parker's PLA, his only ineffective assistance claim was based on trial counsel's failure to assert his confession should have been excluded because it was coerced. None of the ineffective assistance of trial or appellate counsel claims in Parker's § 2254 petition appear to have been presented to any of the three levels of his state direct proceedings. Moreover, Parker did not file a PLA in his state collateral proceedings so any claims raised at the trial or intermediate appellate court levels in those proceedings are procedurally defaulted. *See O'Sullivan*, 526 U.S. at 845. Accordingly, Parker's ineffective assistance of counsel claims are procedurally defaulted. *See Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004) (a petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings . . . . This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.").

### B.     Exceptions to Procedural Default

A federal court may not grant relief on a procedurally defaulted claim unless the petitioner can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the court's failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### 1.    Cause and Prejudice

Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 282 n.24 (1999). Nothing in the record before the court indicates that an objective factor caused Parker to default his ineffective assistance claims. Moreover, the Seventh Circuit has "specifically rejected the argument that a petitioner's pro se status alone constitutes cause in a cause-and-prejudice analysis." *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010) (collecting cases). Parker, therefore, cannot rely on his pro se status to excuse his default.

To the extent that Parker is contending his appellate counsel's performance excuses the default of his ineffective assistance of trial counsel claim, to avoid defaulting the ineffective assistance of appellate counsel claim, he must have asserted it through one complete round of state court review. *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003). Parker did not raise this claim through one complete round of state court review. Thus, any claim that appellate counsel's alleged ineffectiveness excuses the default of Parker's ineffective assistance of trial counsel claim is also defaulted.

The Court's cause and prejudice analysis is not over as we must determine if cause excuses Parker's default of his ineffective assistance of appellate counsel claim. *See Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000) ("a procedurally defaulted

ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself."); *Lee v. Davis*, 328 F.3d at 901 ("the assertion of ineffective assistance as a cause to excuse a procedural default" leads to "a tangled web of defaults excused by causes that may themselves be defaulted and require a showing of cause and prejudice.") (internal citations omitted). The record does not show any objective factor that caused Parker's default. Therefore, he cannot establish cause based on the alleged ineffectiveness of his appellate counsel. Because he cannot do so, the court will not address prejudice. *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010).

The Court acknowledges that the Supreme Court recently carved out a "narrow exception" to the usual rule that a petitioner's pro se status or the ineffective assistance of counsel during initial-review collateral proceedings cannot establish cause for the default of an ineffective assistance of trial counsel claim. *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). Specifically, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.*

The *Martinez* exception does not help Parker as he included his ineffective assistance of trial counsel claims in his state post-conviction petition and defaulted those claims during the state appellate process. Therefore he did not default his ineffective assistance claims due to either the lack of counsel or ineffective assistance of appellate counsel during initial-review collateral proceedings. *See United States ex rel. Guerrero v. Rednour*, No. 11 CV 2197. 2013 WL 1403209, at *5 (N.D. Ill. Apr. 3, 2013) (the *Martinez* "exception is limited to situations in which a petitioner has alleged inadequate assistance of counsel at *initial-review* collateral proceedings") (emphasis in original); *United States ex rel. Fleming v. Chandler*, No. 12 C 5190, 2013 WL 589559, at *5 (N.D. Ill. Feb. 14, 2013) ("*Martinez* does not apply to procedural defaults based on omissions during the [post-conviction] appellate process"). Parker cannot show that cause and prejudice excuses the default of his ineffective assistance of counsel claims.

### 2. Fundamental Miscarriage of Justice

The court thus turns to the fundamental miscarriage of justice exception, which applies in "situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002), *citing Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed. 2d 808 (1995). To show "actual innocence," a petitioner must present clear and convincing

evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id*.

Parker does not assert that he is actually innocent of the offense of aggravated kidnaping. In addition, the state court pleadings submitted to the court do not contain any substantiated allegations of actual innocence. *See Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) ("To support a colorable claim of actual innocence the petitioner must come forward with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.") (internal quotation marks omitted). Thus, this exception does not apply and Parker's ineffective assistance claims are rejected.

## II. Excessive Sentence – Claim Three

Parker next asserts that the state court failed to weigh the evidence properly when sentencing him. Parker does not cite to any federal law and appears to be contending that his sentence was the product of an improper application of state law. To the extent Parker argues his sentence fails to comport with state law, his claim is unconvincing as "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson v. Corcoran*, 131 S.Ct. 13, 16 (2010), *quoting Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *United States ex rel. Anderson v. Hardy*, 779 F.Supp. 2d 816, 826 (N.D. Ill. 2011) (the petitioner's "mere disagreement with the state

trial court's consideration of the testimony presented at his sentencing hearing is not enough to warrant federal habeas relief for his excessive sentence claim.").

Moreover, Parker does not contend that his sentence exceeded the sentencing range of a valid state statute or the trial court lacked jurisdiction to sentence him. *See Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994). He also does not assert that the trial court committed a constitutional error which made his sentence fundamentally unfair. *Id*. Even if he attempted to do so at this point in the proceedings, he could not prevail as he did not cast his sentencing claim in federal constitutional terms through one complete round of state review. *See United States ex rel. Bruce v. McCann*, 598 F.Supp. 2d 890, 899-900 (N.D. Ill. 2009). Thus, Parker's criticisms of his sentence do not entitle him to federal habeas relief.

### III. Parker's Allegedly Coerced Confession – Claim Four

#### A.    Failure to Fully and Fairly Present Confession Claim in State Court

Under the doctrine of full and fair presentment, a habeas petitioner must allow the state courts to consider his federal constitutional arguments in the first instance. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Thus, a petitioner must alert the state courts that his claims are based on the United States Constitution. *See id*.; *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the

state courts or that a somewhat similar state-law claim was made.") (internal citations omitted).

Factors relevant to whether a habeas petitioner has fairly presented a claim to the state courts include whether his state court filings: (1) relied on federal cases that engage in constitutional analysis; (2) relied on state cases that apply a constitutional analysis to similar facts; (3) asserted a claim in terms that call to mind a specific constitutional right; or (4) alleged a pattern of facts "well within the mainstream of constitutional litigation." *Moleterno v. Nelson*, 114 F.3d 629, 634 (7th Cir. 1997). If none of these factors is present and the state challenges exhaustion, a claim will be defaulted under the full and fair presentment doctrine. "On the other hand, the presence of any one of these factors, particularly (1) and (2), does not automatically avoid a waiver." *Id.* (internal quotations omitted).

Parker raised his coerced confession claim in his pro se response to his counsel's *Anders* brief on direct appeal and in his pro se PLA on direct appeal. Reading his filings broadly, he couched this claim in federal constitutional terms as he argued that the alleged police mistreatment violated due process rights owed to all United States citizens. The use of force to compel a confession violates the fifth amendment right against self-incrimination. *See, e.g., Miller v. Fenton*, 474 U.S. 104, 109-110 (1985); *Hinton v. Uchtman*, 395 F.3d 810, 818-19 (7th Cir. 2005). The "self-incrimination clause of the

fifth amendment [is] applied to the states through the due process clause of the fourteenth." *Bland v. Hardy*, 672 F.3d 445, 448 (7th Cir. 2012). Given that Parker raised his constitutional argument in state court without the assistance of counsel, the Court finds that his general reference to federal due process was sufficient to fully and fairly present his coerced confession claim, despite the lack of any specific arguments about federal law. The Court thus turns to the merits of the coerced confession claim.

### B.    Legal Standard

A habeas petitioner is entitled to a writ of habeas corpus under 28 U.S.C. § 2254 if the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams*, 529 U.S. at 405.

With respect to the "unreasonable application" prong of § 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. A

state court's application of Supreme Court precedent is unreasonable if the court's decision was "objectively" unreasonable. *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) ("even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable").

### C.    The "Contrary To" Prong

Parker does not assert that the state courts' rulings are at odds with any Supreme Court precedent and the Court is unaware of any conflicting Supreme Court cases. *See United States ex rel. Ruddock v. Briley*, 216 F.Supp. 2d 737, 748-49 (N.D. Ill. 2002) (state court ruling did not meet "contrary to" prong where the pro se petitioner did not argue that it was inconsistent with a Supreme Court case and the court was not aware of any such case). The Court thus concludes that Parker has failed to show that the state courts' rejection of his coercion claim satisfies the "contrary to" prong of § 2254(d)(1).

### D.    The "Unreasonable Application" Prong

Parker asserts that bruises on his face following his arrest show the police beat him to extract a confession. The Illinois Appellate Court rejected this claim when it granted appellate counsel's *Anders* motion to withdraw, stating that "the two photographs showing bruising on the defendant's face were insufficient to establish that he was beaten by the police or coerced to confess to the crime."

It is unclear whether the statement was used at trial against Parker. It is not mentioned in counsel's *Anders* brief, which contains a detailed summary of the evidence. In addition, the trial court declined to rule on Parker's motion to suppress his statement after counsel for the State noted "[a]fter reviewing everything we're not going to be using [Parker's oral statement] for the case in chief or rebuttal." Accordingly, the confession does not appear to have affected the outcome of Parker's trial.

In the interests of completeness, the Court will nevertheless consider whether the state court's ruling is an unreasonable application of clearly established federal law. The Court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

Parker has not pointed to any evidence or made any specific arguments in support of his claim that his confession was coerced. The record regarding Parker's coercion argument is limited, as the Illinois Appellate Court succinctly rejected Parker's claim when granting a motion to withdraw based on its evaluation of two photographs of him. The Seventh Circuit has provided guidance regarding the evaluation of terse factual findings supporting the rejection of a coerced confession claim. Specifically, where the state court's conclusion that a confession was voluntary may be "fairly interpreted" as a rejection of the petitioner's version of the facts and a finding that physical coercion did

not occur, that factual finding is entitled to a presumption of correctness. *Andersen v. Thieret*, 903 F.2d 526, 530 (7th Cir. 1990).

Here, the state court found that the photographs did not show that Parker's confession was coerced. The Court has not been presented with the photographs so it cannot opine on them. Nevertheless, if the state court had accepted Parker's version of events – that the evidence showed that police beat him to induce him to confess – it would have necessarily concluded his confession was involuntary. It did not do so, and Parker has not attempted to challenge the presumption of correctness given to this implied finding of fact. *See id*. He also has not directed the Court's attention to any facts supporting his position or argued that the State used the confession at trial. Thus, this Court cannot conclude that the state court's rejection of his coercion claim was unreasonable.

All of Parker's claims, therefore, fails to satisfy the standard for habeas relief. Accordingly, this Court denies his habeas petition.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, which provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant," the court turns to whether a certificate of appealability should issue. Under 28 U.S.C. § 2253(c)(2), "(1) [a] certificate of appealability may be

issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

For the reasons stated in this order, the Court finds that Parker has not made a substantial showing of the denial of a constitutional right as he has not demonstrated "that reasonable jurists could debate whether the challenges in his habeas petition should have been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional rights that he deserves encouragement to proceed further." *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000). Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, the Court denies Parker's petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 and declines to issue a certificate of appealability.

Charles P. Kocoras
United States District Judge

Dated:   May 13, 2013